UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARG SHARIF, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 21 C 5221 ) ) Judge Sara L. Ellis |
| HORACE FOX, JR., individually and as bankruptcy trustee, | ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

Plaintiff Richard Sharif brings this lawsuit against Horace Fox, Jr., alleging breach of fiduciary duty in his role as bankruptcy court trustee, as well as conspiracy and RICO violations for Fox's alleged scheme with Bankruptcy Judge Jacqueline Cox to wrongfully deny Sharif a bankruptcy discharge and obtain money that belonged to Sharif's mother's trust. Fox moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the basis that Sharif has not sufficiently alleged any conspiracy and that Fox has immunity in his role as bankruptcy trustee. Fox also asks the Court to refer Sharif to the Executive Committee of the United States Bankruptcy Court for the Northern District of Illinois for restricted filer proceedings because of Sharif's long history of abusive and dishonest litigation tactics.

Because Fox has immunity for his actions as a bankruptcy trustee, the Court grants his motion to dismiss. Because amendment would be futile, the Court dismisses Sharif's complaint with prejudice. The Court grants Sharif's motion to file a sur-reply [39]. Because Sharif continues his frivolous litigation campaign even after being placed on the United States District Court and Bankruptcy Court's restricted filers lists, the Court refers him to the Bankruptcy Court's Executive Committee for further restricted filer proceedings. Civil case terminated.

# BACKGROUND[1]

In 2009, Sharif filed for bankruptcy in the Northern District of Illinois. *In re Richard Sharif*, No. 09-B-05868 (Bankr. N.D. Ill.). Judge Cox oversees Sharif's still-pending bankruptcy case. Judge Cox appointed Fox as Trustee of the Sharif bankruptcy estate.

In 2009, one of Sharif's creditors filed an adversary proceeding in the bankruptcy case, seeking a declaration that Sharif's mother's trust (the "Trust") was Sharif's alter-ego.[2] In 2010, Judge Cox entered an order declaring the Trust to be Sharif's alter-ego and ordering attorney's fees and sanctions, finding that Sharif had knowingly made false statements in the bankruptcy proceeding and destroyed and falsified documents, among other discovery violations ("Alter Ego Order"). Case No. 09-B-05868/Adv. No. 09-B-0770, Doc. 68 at 16–18. The Alter Ego Order denied Sharif a bankruptcy discharge. *Id.* Also in 2010, Fox sought an order directing Sharif to turn over certain Trust assets, including a life insurance policy and Wells Fargo investment accounts. Judge Cox entered an order directing the insurance company and financial institutions to turn over those Trust assets to Fox as the bankruptcy trustee, Sharif to turn over any other Trust assets, and Sharif and his sisters to cease exercising control over any estate property ("Turn-Over Order"). Case No. 09-B-05868, Doc. 63.

---

[1] The Court takes the facts from Sharif's complaint (Doc. 1) and presumes them to be true for the purpose of resolving Fox's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011) (Rule 12(b)(6)); *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (Rule 12(b)(1)). The Court "may also take judicial notice of matters of public record." *Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1043–44 (7th Cir. 2019). "The court does not accept as true allegations of the complaint that are contradicted by judicially-noticed facts from the public record." *Douglas v. Vill. of Palatine*, No. 17 CV 6207, 2020 WL 1469439, at *3 (N.D. Ill. Mar. 26, 2020).

[2] This claimant, the successful defendant in one of Sharif's lawsuits, sought to collect an over $650,000 attorney's fees award (based on Sharif and his family's frivolous and bad faith litigation tactics). *Sharif v. Wellness Int'l Network LTD*, No. 3:05-cv-01367-B (N.D. Tex. 2005) Doc. 117 at 3 ("This Court and the Fifth Circuit have already concluded that Plaintiffs have engaged in frivolous litigation that was brought in bad faith.").

2

The Court will not attempt to recount the full fourteen-year history of Sharif and his sisters' litigation in the Cook County courts, the bankruptcy court, the district court (before at least nine different district court judges),[3] the Seventh Circuit Court of Appeals, and the Supreme Court that have *all* unsuccessfully challenged events in his bankruptcy, including the Alter Ego Order and the Turn-Over Order.[4] This long litigation saga has resulted in multiple sanctions (including large monetary sanctions). For example, in June 2021, Judge Cox barred Sharif "from ever filing any proceedings in or about" his bankruptcy case and barred him from "suing any person or entity for their conduct regarding" the bankruptcy case. Case No. 09-B-05868, Doc. 669 at 25.[5] The Executive Committees of the Northern District of Illinois District Court and Bankruptcy Court have placed Sharif on their respective restricted filer lists for abuse of court processes. *In re Richard Sharif*, No. 22 C 1950 (N.D. Ill.); *In re Richard Sharif*, 22-MP-90001 (Bankr. N.D. Ill.).

On October 1, 2021, and without seeking leave of the Bankruptcy Court, Sharif filed this complaint against Fox, Judge Cox, and former Circuit Executive Collins Fitzpatrick, trying again to overturn the Alter Ego and Turn-Over Orders. This Court dismissed Defendants Judge Cox and Fitzpatrick because Sharif failed to effectuate proper service.[6] Doc. 19.

---

[3] A CM/ECF search showed recent cases before Judges Blakey, Dow, Durkin, Ellis, Kennelly, Kocoras, Leinenweber, Norgle, and Pacold.

[4] *See, e.g.*, *Wellness Int'l Network, LTD v. Sharif*, 575 U.S. 665 (2015), *on remand* 617 F. App'x 589 (7th Cir. 2015) (Sharif waived right to Article III review of alter-ego arguments); *Sharifeh v. Fox*, 2012 WL 469980 (N.D. Ill. Feb. 10, 2012) (original district court order affirming Alter Ego Order).

[5] This order also bars Sharif from filing in or about an adversary proceeding in which he accuses his ex-wife, his ex-wife's lawyers, Fox, and Fox's lawyers of a RICO conspiracy.

[6] The Court notes that, as a seeming end-run around of the dismissal of Judge Cox and Fitzpatrick, Sharif has now filed *yet another* lawsuit, *Sharif v. Cox, et al.*, No. 22 C 3172 (N.D. Ill.), which appears to be an exact replica of the current complaint.

As relevant to this motion, Sharif alleges a breach of fiduciary duty claim against Fox (Count III) and civil conspiracy (Count IV) and RICO conspiracy (Count V) claims against Fox (and Judge Cox). In support of this complaint, Sharif asserts that his mother removed him as the Trust's trustee in July 2007. He also alleges that his former lawyer created the discovery problems (which led to the spoliation and ultimately a bankruptcy discharge denial) by not turning over five boxes of Trust documents, and further that his lawyer admitted to this.[7]

Sharif further pleads that Judge Cox entered the Alter Ego Order "to financially benefit" Fox, "a good and close friend," "so that [Fox] can syphon off money from the trust through attorney's fees." Doc. 1 ¶¶ 27–28. Sharif also states that Fox breached his fiduciary duty as trustee and conspired with Judge Cox to seize $600,000 in life insurance proceeds that were exempt from the bankruptcy estate (i.e., the Turn-Over Order). Sharif asserts that Fox and Judge Cox conspired with Sharif's estranged ex-wife to allow her to stay in the marital home (which was part of the Trust estate) during their divorce proceedings "in exchange for her false testimony." *Id.* ¶ 33. Sharif further alleges that Fox failed to maintain or make tax and mortgage payments on the martial home. Sharif also states that Judge Cox sanctioned him, fined him $20,000 in attorney's fees, and required him to seek her permission before filing a lawsuit related to his bankruptcy case. Sharif alleges that Judge Cox is a "classic sociopath" who is "rude and obnoxious" to *pro se* litigants and favors trustees and Assistant U.S. Attorneys. *Id.* ¶¶ 49, 51–52.

---

[7] The Court notes that Judge Durkin found exactly the *opposite* to be true after a bench trial where Sharif's former bankruptcy attorney sued him for failing to pay and then Sharif counter-sued for legal malpractice. *See Stevens v. Sharif*, No. 15 C 1405 (N.D. Ill.), Doc. 216 at 5 ("The Court first addresses Sharif's claim that Steven's committed malpractice by failing to produce documents in the bankruptcy proceedings that Sharif tendered to him. Sharif's trial testimony is the only evidence of such a failure by Stevens. The Court finds this testimony incredible.") (judgment for Stevens).

4

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Court construes Sharif's complaint liberally because he is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

## ANALYSIS

Sharif brings three claims against Fox: (1) breach of fiduciary duty; (2) civil conspiracy; and (3) RICO conspiracy. Fox seeks dismissal of all three claims on the basis that he has immunity for all the alleged underlying or predicate acts in his role as bankruptcy Trustee acting pursuant to Bankruptcy Court orders. The Court agrees.

5

As an initial matter, Sharif cannot sue Fox unless he obtains permission from the appointing court on a *prima facie* showing of a willful and deliberate violation of fiduciary duty or an act outside the scope of his authority as trustee. *In re Kids Creek Partners, L.P.*, 248 B.R. 554, 558 (Bankr. N.D. Ill. 2000), *aff'd*, No. 00 C 4076, 2000 WL 1761020 (N.D. Ill. Nov. 30, 2000) (discussing the *Barton* doctrine); *In re Morris Senior Living, LLC*, 526 B.R. 750, 757 (N.D. Ill. 2014) (same). Sharif made no such showing in the bankruptcy court; in fact, by filing this complaint, Sharif defied Judge Cox's clear order barring him from "suing any person or entity for their conduct regarding" the bankruptcy case. Case No. 09-B-05868, Doc. 669 at 25. For this reason alone, the Court could dismiss the claims against Fox.

However, Fox also enjoys immunity in his role as Trustee for all the actions that allegedly breached his fiduciary duty and/or constitute a conspiracy against Sharif. "Because bankruptcy trustees serve an important function as officers of the court in the administration of bankruptcy cases, they are afforded limited personal immunity when operating pursuant to their authority and absolute personal immunity if operating directly in obedience to a court order." *In re Kids Creek,* 248 B.R. at 559.

Sharif alleges that Fox breached his fiduciary duty by: conspiring with Judge Cox to deny Sharif a bankruptcy discharge and seize the Trust assets; "getting involved in" the divorce action; and seizing life insurance proceeds which Sharif contends were exempt from the bankruptcy estate. Sharif bases the civil and RICO conspiracy counts on similar allegations regarding seizure of the Trust assets and life insurance proceeds. The claims related to denial of the bankruptcy discharge and seizure of the Trust assets attack the Alter Ego Order. Yet Sharif cannot plead any facts to show that *Fox* took any actions that precipitated the entry of that order—rather, a claimant on Sharif's estate sought that order (to reach Trust funds to satisfy a

6

$650,000-plus attorney's fees award). And Fox has absolute immunity for any actions that he took to implement that order. *In re Kids Creek,* 248 B.R. at 559 (recognizing a trustee's "absolute personal immunity if operating directly in obedience to a court order"); *Schultz v. Dubois*, 47 F.3d 1173, 1173 (7th Cir. 1995) (affirming dismissal of "frivolous" lawsuit against bankruptcy trustee for executing court order since "the defendants are clearly immune from suit").

As for the alleged seizure of life insurance proceeds, Fox's actions in seeking that order stem from his fiduciary obligation to "collect and reduce to money the property of the estate." 11 U.S.C. § 704(a)(1). Such actions were well within Fox's scope of authority as trustee, giving him immunity for those actions.[8] *In re Kids Creek*, 248 B.R. at 558; *see also In re Sharif*, 565 B.R. 636, 645 (N.D. Ill. 2017) (Dow, J.) (finding Fox had absolute and limited immunity related to the Turn-Over Order in Sharif's attempted *Bivens* suit against Fox and his lawyers).[9]

Fox also acted within the scope of his authority to the extent he intervened in the divorce proceedings as it related to the martial home (which is a part of the Trust). *See In re Kids Creek,* 248 B.R. at 560 (explaining a Chapter 7 bankruptcy trustee's general fiduciary duties are to "collect and reduce to money the property of the estate" and to "carefully preserve" estate assets in the trustee's possession (citations omitted)). And Sharif does not plead facts from which the Court finds it plausible that Fox committed a willful and deliberate breach of duty or acted outside his authority as trustee. See *id.* at 562 (finding no allegations of willful or deliberate

---

[8] Sharif argues that the life insurance proceeds should not have been included in the Trust estate under Illinois law at the time; however, Sharif and his sisters have unsuccessfully attacked the legal authority for the Turn-Over Order in multiple courts. *See, e.g., In re Richard Sharif*, Case No. 09-B-05868/Adv. No. 12-B-0043, Doc. 50 at 25 (noting, "Given how settled the issue of [the Trust] is, the latest pleadings could only have been filed either for an improper purpose, or are [] frivolous [], or both.").

[9] The Court notes that in *that* lawsuit—unlike here—Sharif *did* seek leave to sue Fox and that leave was denied (and affirmed on appeal). *In re Sharif*, 565 B.R. at 644 ("[Sharif's] motion for leave was deficient for several other reasons identified by the Bankruptcy Court.").

breach, explaining, "to hold a trustee personally liable for making an unwise litigation decision . . . would make trusteeship an onerous, risky, and costly task which few would voluntarily undertake"); *In re Weisser Eyecare, Inc.*, 245 B.R. 844, 851 (Bankr. N.D. Ill. 2000) (holding failure to give statutory notice before sale of estate property not *ultra vires* act). And even if Fox made mistakes in pursuing a certain course in the divorce proceedings or in failing to pay the mortgage of or inspect the marital home, he would still have immunity because Sharif does not plead any facts (as opposed to conclusions and speculations of conspiracy) from which the Court could infer willful or deliberate breach. *In re Kids Creek,* 248 B.R. at 559, 561 (finding even when complaint allowed the "inference" that trustee "exercised poor judgment" and "actions or failure to take actions ultimately had an adverse effect on the estate," "the exercise of poor judgment is not akin to a breach of fiduciary duties").

"The proper procedure for a party who wishes to contest the legality of a court order enforcing a judgment is to appeal that order and the underlying judgment, not to sue the official responsible for its execution." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1239 (7th Cir. 1986). Sharif has done just that in appeal after appeal, as well as collateral attack after collateral attack, in a vain attempt to overturn twelve-year-old bankruptcy court orders. His history of gamesmanship, disregard for court orders, and fraud on the court is well-documented. Now he seeks to hold the bankruptcy trustee personally responsible and imagines a conspiracy within the bankruptcy court system. The Court dismisses Sharif's claims against Fox and, because amendment would be futile, the Court dismisses Sharif's complaint with prejudice and terminates the case. *See Tribble v. Evangelides*, 670 F.3d 753, 761 (7th Cir. 2012), *as amended* (Feb. 2, 2012) (district court did not abuse its discretion in denying futile amendment); *Stanard v. Nygren*, 658 F.3d 792, 800 (7th Cir. 2011) (finding refusal to allow amendment

"eminently reasonable" when plaintiff failed to cure deficiencies in incomprehensible complaint); *Estrada v. Reed*, 346 F. App'x 87, 89 (7th Cir. 2009) (same); *James Cape & Sons Co. v. PCC Const. Co.*, 453 F.3d 396, 401 (7th Cir. 2006) ("The district court could have quite reasonably believed that an amended complaint would suffer the same fatal flaws as the one before it, and that the "interests of justice" did not require permission to amend."); *Anderson v. Deutsche Bank Nat'l Tr. Co.*, No. 14 C 5474, 2014 WL 6806891, at *2 (collecting cases).

The Court further refers Sharif to the Executive Committee of the United States Bankruptcy Court for the Northern District of Illinois for consideration for additional sanctions.

## CONCLUSION

For the foregoing reasons, the Court grants Fox's motion to dismiss [20]. The Court dismisses Sharif's complaint with prejudice. The Court grants Sharif's motion to file a sur-reply [39]. Civil case terminated.

Dated: October 3, 2022

_____
SARA L. ELLIS
United States District Judge